UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RORY M PLANQUE,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SEATTLE POLICE DEPARTMENT et al.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:24-cv-00347-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

　　　This matter is before the Court on its own motion and on Plaintiff's Motion to Appoint Counsel (Dkt. No. 5). Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint. Consequently, the Court also DENIES as MOOT Plaintiff's Motion to Appoint Counsel.

　　　On March 15, 2024, *pro se* Plaintiff Rory Planque filed an application to proceed *in forma pauperis* ("IFP," Dkt. No. 1), which was granted by the Honorable Brian A Tsuchida, U.S. Magistrate Judge (Dkt. No. 3), and his Complaint was filed on the docket on March 20, 2024

1  (Dkt. No. 4). In the order granting IFP, Judge Tsuchida recommended the Complaint be

2  reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 3 at 1.

3        The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute,

4  the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be

5  granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th

6  Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by

7  prisoners"). A complaint must include "a short and plain statement of the grounds for the court's

8  jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to

9  relief; and[] a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). Where a plaintiff

10 proceeds *pro se* (without an attorney), courts must construe the complaint liberally. *Johnson v.*

11 *Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338,

12 342 (9th Cir. 2010)). However, a court cannot "supply essential elements of the [pro se] claim

13 that were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D.

14 Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft*

15 *Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as

16 advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

17       Here, Mr. Planque provides a narrative recounting of the events that appear to form the

18 factual bases for his lawsuit. *See* Dkt. No. 4 at 9–18. Unfortunately, Mr. Planque fails to address

19 two key elements required by the Federal Rules of Civil Procedure in order to seek relief in

20 federal court. Specifically, Mr. Planque fails to provide "a short and plain statement of the

21 grounds for the court's jurisdiction . . . [or] a demand for the relief sought." Fed. R. Civ.

22 P. 8(a)(1), (3). Despite opting to utilize a complaint template form provided by this district that

23 specifically addresses these two required elements, Mr. Planque appears to have intentionally

24 chosen to leave these specific fields blank. *See* Dkt. No. 4 at 7–9.

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 2

Additionally, to the extent Mr. Planque's factual narrative might include sufficient allegations from which a claim for relief might arise, without the required jurisdictional statements—such as the specific federal law or constitutional provision allegedly violated by the named defendants—and demand for specific relief authorized by law, the Court is unable to determine if any of the alleged facts plausibly state a claim for relief. *See Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) ("Federal courts are courts of limited jurisdiction, having the power to hear certain cases only as the Constitution and federal law authorize."); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In fact, a Court must dismiss a case unless it is able to determine the source of subject matter jurisdiction from the face of the complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For these reasons, the Court must DISMISS Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court therefore GRANTS Plaintiff leave to file an amended complaint in this case that cures the noted deficiencies by **no later than Friday, May 10, 2024**. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief per 28 U.S.C. § 1915(e), the Court will dismiss this case in its entirety.

Consequently, the Court finds that Plaintiff's Motion to Appoint Counsel (Dkt. No. 5) is MOOT, as the case is being dismissed. The Court ORDERS the motion be STRICKEN. If Plaintiff files an amended complaint that survives 28 U.S.C. § 1915(e) review, he may attempt to renew his motion for appointment of counsel. But the Court reminds Plaintiff that there is no right to counsel in civil cases and appointment of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) is appropriate only in "exceptional circumstances." *Agyeman v. Corrs.*

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

*Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

      Dated this 10th day of April 2024.

                                        Tana Lin
                                        United States District Judge