Case 2:24-cv-00347-TL   Document 9   Filed 05/17/24   Page 1 of 4

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| RORY M PLANQUE, | CASE NO. 2:24-cv-00347-TL |
|---|---|
| Plaintiff, | |
| v. | SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| SEATTLE POLICE DEPARTMENT et al., | |
| Defendants. | |

This matter is before the Court on its own motion and on *pro se* Plaintiff Rory Planque's Amended Complaint (Dkt. No. 7). Having reviewed the Amended Complaint, the Court again finds that Plaintiff fails to state a plausible claim for relief and DISMISSES Plaintiff's Amended Complaint. The Court will allow Plaintiff one last opportunity to amend.

On March 15, 2024, Plaintiff filed an application to proceed *in forma pauperis* (Dkt. No. 1), which was granted by the Honorable Brian A. Tsuchida, United States Magistrate Judge (Dkt. No. 3), and the original Complaint was filed on the docket on March 20, 2024 (Dkt. No. 4). Upon review, the Court noted that Plaintiff utilized a complaint template provided by this

1   District to prepare his original Complaint but left the sections regarding jurisdiction and relief
2   blank. Dkt. No. 6 at 5; *see also* Dkt. No. 4 at 7–9. The Court identified these deficiencies and
3   dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 6 (Order of Dismissal).
4   In recognition of Plaintiff's *pro se* status, the Court granted him leave to file an amended
5   complaint to cure the noted deficiencies and avoid dismissal by no later than May 10, 2024. *Id.*
6   at 3. Specifically, the Court indicated that to survive § 1915 review, Plaintiff's Amended
7   Complaint must include "a short and plain statement of the grounds for the court's
8   jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to
9   relief; and[ ] a demand for the relief sought." Dkt. No. 6 at 2 (quoting Fed. R. Civ. P. 8(a)(1),
10  (3)). In his Amended Complaint, filed May 7, 2024, Plaintiff has added allegations to the two
11  identified sections of the template. Dkt. No. 7.

12         Despite the additional allegations, Plaintiff's Amended Complaint still fails to plausibly
13  state any grounds upon which this Court may assert jurisdiction. "Federal courts . . . hav[e] the
14  power to hear certain cases only as the Constitution and federal law authorize." *Newtok Vill. v.*
15  *Patrick*, 21 F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*,
16  511 U.S. 375, 377 (1994). Broadly speaking, a federal district court has jurisdiction over civil
17  actions (1) "arising under the Constitution, laws, or treaties of the United States" (a.k.a., "federal
18  question" jurisdiction), *see* 28 U.S.C. § 1331, or (2) in certain circumstances where the plaintiff
19  is from a different state than each of the defendants (a.k.a., "diversity" jurisdiction), *see id.*
20  § 1332; *see also Newtok Vill.*, 21 F.4th at 615 (noting "the two types of federal subject matter
21  jurisdiction—diversity of citizenship and federal question"). Federal courts are presumed to lack
22  subject matter jurisdiction over a case, and the burden of showing otherwise rests upon the party
23  asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.
24

Plaintiff references several federal statutes in the Amended Complaint (*see* Dkt. No. 7 at 5–10) but fails to assert a plausible claim from which federal question jurisdiction arises.[1] Most of the federal statutes referenced by Plaintiff are from the federal criminal code, which private citizens cannot enforce. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To the extent Plaintiff references non-criminal statutes, the Amended Complaint fails to plausibly establish grounds for relief. For example, Plaintiff appears to reference 38 U.S.C. § 7316[2] in relation to allegations of medical malpractice against "Dr/s [sic] Fockele & Whiteside," who appear to have treated plaintiff at Harborview Medical Center (Dkt. No. 7 at 8), but the referenced statute applies only to Veterans Administration employees.

It is not sufficient to simply reference a federal statute because not all statutes provide grounds for a civil lawsuit in federal court. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) ("[F]ederal-question jurisdiction [] is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court."). Even if the referenced statute generally allows a private citizen to bring a lawsuit, Plaintiff must show that the statute provides a basis for the specific type of relief sought against the specified defendant and must assert sufficient factual allegations to plausibly establish a legal claim under the statute. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A plaintiff's] [f]actual allegations must be enough to raise a *right to relief* above the speculative level." (emphasis added)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

---

[1] On the Civil Cover Sheet provided by Plaintiff with the Amended Complaint, Plaintiff asserts only federal question jurisdiction. *See* Dkt. No. 7-1 at 1. The Court notes that Plaintiff also fails to establish diversity jurisdiction because everyone involved in this case appears to be citizens of Washington. *See* Dkt. No. 7 at 1–4.

[2] Plaintiff also includes what appears to be an incomplete citation to "U.S.C. 2702" for which the Court is unable to determine any significance. *See* Dkt. No. 7 at 8.

SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND - 3

content that allows the court to draw the reasonable inference that *the defendant is liable* for the misconduct alleged." (emphasis added)). Plaintiff fails to meet this minimum pleading standard.

Plaintiff was previously warned that "if the amended complaint fails to state a plausible claim for relief . . . the Court will dismiss this case in its entirety." Dkt. No. 6 at 3. That said, the Court recognizes a "*pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). As such, the Court generally will "not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend). In addition, shortly after filing his Amended Complaint, Plaintiff filed a notice informing the Court of his intent to seek assistance from a free legal clinic. Dkt. No. 8. Although Plaintiff's repeated failure to state a plausible claim for relief makes the Court skeptical about whether Plaintiff's claims are appropriate for federal court,[3] it will grant him one final opportunity to amend his complaint. Hopefully, once he is able to secure some legal assistance, Plaintiff will have a better sense of whether he is seeking relief in the correct venue (that is, federal versus state court).

Consequently, the Court DISMISSES the Amended Complaint and GRANTS Plaintiff leave to file a Second Amended Complaint by **no later than June 21, 2024**.

Dated this 17th day of May 2024.

Tana Lin
United States District Judge

---

[3] The Court makes no conclusions as to whether Plaintiff has claims that might be viable in state court.

SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND - 4